IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-cv-234

| | |
|---|---|
| MEINEKE CAR CARE CENTERS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DENNIS CATTON, )<br>)<br>Defendant. ) | **MEINEKE'S RESPONSE<br>IN OPPOSITION TO<br>DEFENDANT'S MOTION TO<br>SET ASIDE ENTRY OF<br>DEFAULT** |

Meineke files this Response in Opposition to Defendant's Motion to Set Aside Entry of Default. Defendant's Motion is without merit and should be denied.

## FACTS AND PROCEDURAL HISTORY

Meineke filed the underlying Verified Complaint and Motion for Preliminary Injunction on May 21, 2010 based on Defendant's violation of post-termination covenants contained in his Meineke Franchise and Trademark Agreement. Defendant's Meineke franchise license was terminated after he was noticed for default and failed to cure the default by not paying all of the weekly royalties and advertising contributions owed by him to Meineke. (See Verified Complaint, Docket Entry #1.) Defendant was served with the Summons, Verified Complaint and accompanying documents on May 27, 2010. (See Proof of Service filed with Court, Docket Entry # 7.) The address where Defendant was served is the same address he identified as his address on the envelope enclosing his Motion to this Court. (See copy of envelope, Attachment #1 to Docket Entry #13.)

1

Defendant failed to serve or file an Answer to Meineke's Verified Complaint or any response to Meineke's Motion for Preliminary Injunction. Accordingly, on June 22, 2010, Meineke filed its motion for entry of default against Defendant. Meineke mailed a copy of its motion to Defendant at his home address. (See Certificate of Service attached to Meineke's Motion for Entry of Default, Docket Entry #10.) The Clerk entered default against Defendant on June 24, 2010.In the meantime, the Court noticed a June 23, 2010 hearing on Meineke's Motion for Preliminary Injunction. Meineke attended the hearing, but Defendant failed to appear or contact Meineke or the Court. At the hearing, the Court granted Meineke's Motion for Preliminary Injunction, ordering Defendant to comply with his post-termination covenants, including not using Meineke's trademarked name, logo and marks and not offering exhaust, brakes or shocks and struts services within six miles of his former authorized Meineke Center. The Court entered its written Order and Preliminary Injunction on June 24, 2010. Meineke overnighted a copy of the Court's June 24, 2010 Order and Preliminary Injunction as well as a copy of the Entry of Default to Defendant at his home address and demanded that he comply with the terms of the Order. (Copy of the letter enclosing the Order and the Entry of Default is attached to the Affidavit of Cindi D. Hodges, which is attached as Ex. 3to Meineke's Motion For An Order to Appear and Show Cause/Motion For Contempt that being filed contemporaneously with this Response.)

Meineke received no word from Defendant regarding whether he would voluntarily comply with the Court's Order. Accordingly, Operations Manager Kevin Holliday recently traveled to the location of Catton's Auto and RV Service, the location in question, to determine whether Defendant was voluntarily complying with the Court's

2
Case 3:10-cv-00234-MOC -DSC   Document 14   Filed 08/16/10   Page 2 of 10

Order. Mr. Holliday discovered that Defendant continues to operate a competing business in violation of this Court's June 24, 2010 Order and Preliminary Injunction. (See Third Affidavit of Kevin Holliday, attached as Ex. 2 to Meineke's Motion for An Order to Appear and Show Cause/Motion For Contempt.) Indeed, in his August 5, 2010 Motion to Set Aside Entry of Default, Defendant does not deny operating a competing business. Because Defendant's actions continue to harm Meineke, its law abiding franchisees and the franchise system as a whole, Meineke is contemporaneously with this Response filing a Motion For An Order To Show Cause/Motion For Contempt to compel Defendant to comply with this Court's June 24, 2010 Order.

## ARGUMENT AND AUTHORITIES

**I.     No Good Cause Under Rule 55(c) Exists To Warrant Setting Aside The Entry of Default.**

Defendant's Motion to Set Aside Entry of Default should be denied because he has offered no evidence of "good cause" for granting his motion. A court will only set aside an entry of default upon a showing of "good cause," Fed. R. Civ. P. 55(c), and Defendant bears the burden of establishing that "good cause" exists. Hill v. Belk Stores Services, Inc., 2007 WL 1200093 *1 (W.D.N.C. Apr. 19, 2007). Determining "good cause" is a matter addressed to "the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court." Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp., 383 F.2d 249, 251 (4th Cir. 1967). SeeHill, 2007 WL 1200093 at *1 (resolution of motion to set aside entry of default lies largely within discretion of trial judge); L&M Companies, Inc. v. Biggers III Produce, Inc., 2010 WL 1439411 * 5 (W.D.N.C. Apr. 9, 2010) ("[a] district court has broad discretion in deciding whether to set aside a Clerk's entry of default").

3

Generally, a court should set aside an entry of default "where the moving party acts with reasonable promptness and alleges a meritorious defense." Consolidated Masonry, 383 F.2d at 251. Defendant has failed to satisfy either factor so his motion should be denied.

    A.    <u>Defendant Has Not Established A Meritorious Defense</u>

"'A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim.'" L&M Companies, 2010 WL 1439411 at *6, *quoting* Augusta Fiberglass Coatings, Inc. v. Fodor Contracting, Corp., 843 F.2d 808, 812 (4th Cir. 1988). A general denial does not establish a meritorious defense. Hill, 2007 WL 1200093 at *2. See Consolidated Masonry, 383 F.2d at 252 (where the defendant only made a conclusory statement that the plaintiff had breached the contract, the Fourth Circuit held that the defendant failed to provide sufficient facts that might demonstrate a meritorious defense).

Here, Defendant has not denied that he is operating a competing business or offered any defense to Meineke's claims. Furthermore, he has not submitted a proposed Answer to the Complaint. Accordingly, not only has Defendant not offered a meritorious defense, he has not offered any defense at all.

    B.    <u>Defendant Did Not Act With Reasonable Promptness</u>

The only excuse Defendant provides for his failure to do anything in this case until two months after he was served with the Verified Complaint and Motion for Preliminary Injunction is that he was attempting to locate appropriate counsel. The excuse of searching for counsel for two months has previously been rejected by the Western District of North Carolina as a valid basis for setting aside an entry of default.

4

SeeL&M Companies, 2010 WL 1439411 at *7 ("Biggers claims that the delay in filing the motion was the result of his inability to seek counsel to respond to the motions. However, Biggers had more than two months to seek local counsel. . . . The reasonable promptness factor does not weigh in Biggers' favor."). The Fourth Circuit Court of Appeals also has held that a lapse of two and one-half months between an entry of default and a motion to set aside the entry of default is not reasonably prompt. SeeConsolidated Masonry, 383 F.2d at 251. Defendant cites to the Federal Rules in his Motion as well as caselaw, so he obviously had the ability to ascertain how long he had to file a responsive pleading. Defendant's failure to reach out to either Meineke or the Court until two months after he was served with the Complaint shows the complete absence of reasonable promptness.

      C.     Additional Factors

Some courts also have considered several additional factors when evaluating a motion to set aside an entry of default (or default judgment), including, but not limited to, personal responsibility of the movant and prejudice to the parties. Payne v. Brake, 439 F.3d 198, 204-205 (4th Cir. 2006); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987); L&M Companies, 2010 WL 1439411 at *6. Of the additional factors, personal responsibility of the movant has received particular attention. South Carolina National Bank v. Baker, 941 F.2d 1207, 1991 WL 157277 *1, *2 (4th Cir. 1991) (unpublished).

          1.     Personal Responsibility

The personal responsibility factor looks to whether the entry of default was caused by the party himself or his attorney. Where the entry was caused by the movant's

attorney and the party himself was blameless, courts have been more inclined to set aside the entry of default. But where the party himself caused the entry, this fact weights against setting aside an entry of default. Baker, 1991 WL 157277 at *2; L&M Companies, 2010 WL 1439411 at *7. Here, Defendant himself chose to wait two months after he was served before taking any action in the case, despite his apparently familiarity with the Federal Rules and caselaw. Accordingly, Defendant's conduct does not warrant setting aside the default entered against him. SeeL&M Companies, 2010 WL 1439411 at *7 (where the defendant's awareness of the deadlines in the case and his choice to sit on his rights showed that he—not his attorneys—was personally responsible and weighed against setting aside the entry of default).

### 2.. Prejudice to the Parties

Meineke owes a duty to the public and Meineke's law abiding franchisees to prevent terminated franchisees from continuing to violate their post-termination obligations. Here, Defendant continues to operate a competing business in flagrant violation of his post-termination covenants and this Court's June 24, 2010 Order. His conduct jeopardizes the integrity of Meineke's franchise system and prejudices Meineke. (See discussion of prejudice to Meineke, its franchisees and the public in Meineke's Memorandum in Support of its Motion for Preliminary Injunction, Docket Entry #3.) On the other hand, in exchange for gaining access to the Meineke system and taking advantage of the benefits of being an authorized Meineke franchisee, Defendant knowingly agreed to abide by the post-termination non-compete covenant contained in his Franchise Agreement when he became a Meineke franchisee. Defendant's termination as an authorized Meineke franchisee was caused by his own non-payment of

6

fees, so any prejudice to him is far outweighed by the prejudice Meineke is continuing to experience due to his violations of his post-termination obligations.

Because no factor weighs in favor of Defendant, his motion to set aside the entry of default should be denied.

**II.     No Basis Exists under Rule 60(b) to Vacate this Court's June 24, 2010 Order.**

In his Motion, Defendant does not seek to have the Court's Preliminary Injunction Order vacated. Nonetheless, to the extent that this Court's Preliminary Injunction Order is considered a default judgment and Defendant's motion is interpreted as a motion to set aside the Court's Preliminary Injunction Order, Defendant's motion also should be denied. Defendant cannot satisfy the standard required by Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides several bases for vacating a default judgment, arguably the most often used basis being Rule 60(b)(1)'s "mistake, inadvertence, surprise, or excusable neglect." The standard for setting aside a default judgment is even stricter than the standard of "good cause" required to set aside an entry of default. FDIC v. Danzig, 10 F.3d 806, 1993 WL 478842 * 2 (4th Cir. Nov. 22, 1993) (unpublished). As shown above, Defendant does not meet the "good cause" standard, so he certainly cannot meet the higher standard of Rule 60(b).

The facts and holding in FDIC are instructive. In that case, the Fourth Circuit affirmed the trial court's denial of the defendant's motion to vacate an entry of default. FDIC, 1993 WL 478842 at *2-*3. Even though the defendant claimed that he never received the complaint and offered that as the basis for vacating the judgment entered against him, the court declined to vacate the judgment. FDIC, 1993 WL 478842 at
7

*3. Here, Defendant admits that he received the complaint, so he arguably has even less of an excuse for his lack of action than the defendant had in FDIC.

In his Motion, Defendant relies on the Ninth Circuit case of Falk v. Allen, 739 F.2d 461 (9th Cir. 1984). The decision is not binding on this Court. Nonetheless, the facts of Falk actually further demonstrate that Defendant's motion should be denied. In Falk, a landlord served the defendant with a 5-day notice to quit and after the defendant failed to timely cure by paying the rent due, the landlord brought an unlawful detainer action against the defendant. Falk, 739 F.2d at 462. The defendant then tendered the unpaid rent, which the landlord accepted. Id. Several months later, the defendant fell behind in rent payments again. The landlord then proceeded on the unlawful detainer action it had filed several months earlier. Id. After the defendant failed to respond, the landlord obtained a default judgment against her. Id.

She subsequently sought to have the default judgment vacated. Id. The court agreed that the judgment should be vacated, in large part based on the fact that the landlord's underlying action was flawed because the landlord should have served the defendant with a new notice to quit and then filed a new unlawful detainer action. Id. at 463. Here, in sharp contrast to the situation in Falk, Defendant has not shown that Meineke took any unlawful or flawed action against him. Defendant failed to pay all amounts owed, Meineke served him with a notice of default and Defendant failed to cure it, so his Meineke license was terminated pursuant to the provisions of the Franchise and Trademark Agreement.

Defendant waited two months before taking any action in the case, he continues to prejudice Meineke's rights, and he has offered no defense whatsoever, much less a

8

meritorious defense, so any motion by Defendant to vacate this Court's Preliminary Injunction Order is not warranted. See Augusta Fiberglass, 843 F.2d at 811 (holding that "[i]n all cases, a Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense").

## CONCLUSION

Defendant waited for two months after being served with the Verified Complaint and Motion for Preliminary Injunction and related documents before taking any action in this case, he never contacted Meineke or the Court, he has offered no defense for his conduct in the underlying lawsuit, and he continues to operate a competing business in flagrant violation of his post-termination covenants. His conduct threatens the public, law abiding Meineke franchisees and the integrity of the entire Meineke franchise system. Accordingly, no basis exists for setting aside the Entry of Default or this Court's Order and Preliminary Injunction and Defendant's motion should be denied.

Respectfully submitted this the 16th day of August 2010.

>s/ Amy K. Reynolds
>N.C. State Bar No. 21266
>Attorney for Plaintiff
>Meineke Car Care Centers, Inc.
>128 South Tryon Street, Suite 900
>Charlotte, NC 28202
>Telephone: (704) 644-8144
>Fax: (704) 358-4706
>E-mail: amy.reynolds@meineke.com

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing Response In Opposition to Defendant's Motion to Set Aside Entry of Default and Notice of Electronic Filing were sent this day via United States Certified mail, return receipt requested, postage prepaid, to the following addressee:

Dennis Catton
6566 S. Killarney Court
Aurora, CO 80016

       This the 16th day of August 2010.

<u>s/ Amy K. Reynolds</u>
N.C. State Bar No. 21266
Attorney for Plaintiff
Meineke Car Care Centers, Inc.
128 South Tryon Street, Suite 900
Charlotte, NC 28202
Telephone: (704) 644-8144
Fax: (704) 358-4706